[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The apportionment defendant, Fibro Realty Corp. (Fibro), moves to strike the apportionment complaint filed against it by defendant, Begley Landscaping Co. (Begley).
On February 6, 1995, the plaintiff Thomas Nagy, commenced the underlying action, against Begley et al., claiming damages arising from, inter alia, Begley's negligence, alleged to have occurred on February 23, 1993. On August 18, 1997, Begley moved to cite Fibro into the case as an apportionment defendant, which motion was granted by the court on September 2, 1997. On September 10, 1997, Fibro was served with the apportionment complaint.
The basis for Fibro's motion to strike is that the statute of limitations for negligence actions, G.S. § 52-584, expired on February 23, 1995, years before the apportionment complaint commenced. Begley opposes the motion the strike contending that Fibro's inclusion in the case is solely to allocate negligence among all responsible entities and thereby reduce Begley's liability and potential recovery by the plaintiff from Begley. Curiously, the plaintiff in the underlying action has taken no position nor even responded to this motion.
Although the question presented by this motion has been the subject of much debate and created a split of authority among several superior court decisions, the issue is unlikely to recur in the future because our legislature has addressed the problem when it passed P.A. 95-111, now G.S. § 52-102b. Under that statute, the expiration of a statute of limitations is no bar to citing in an apportionment defendant if the third party action is begun within 120 days, of the return date of the original complaint. Both Fibro and Begley agree that § 52-102b applies prospectively only and has no bearing on this motion. CT Page 1132
No appellate level decision resolves this matter. As mentioned above, the trial court, are fairly evenly divided between the parties' positions. This court holds that §52-584 is inapplicable, and no statute of limitations prohibits Begley from attempting to apportion responsibility for the plaintiff's alleged injuries among other tortfeasors.
Section 52-584 states, "[n]o action to recover damages for injury . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . ." (emphasis added). Neither Begley nor any other party seeks recovery from Fibro. The apportionment complaint simply provides Begley the opportunity to demonstrate that other tortfeasors causally contributed to the plaintiff's harm thereby reducing the percentage of liability, if any, for that harm. The apportionment complaint, therefore, falls outside the purview of § 52-584 which pertains only to actions to recover damages.
The motion to strike the apportionment complaint is denied.
Sferrazza, J.